UNITED STATES DISTRICT COURT       FOR ONLINE
EASTERN DISTRICT OF NEW YORK      PUBLICATION ONLY
---------------------------------------------------------------X

VICTOR GUEVARES,

      Plaintiff,      MEMORANDUM
                 AND ORDER
                 06-CV-2930 (JG)

   -against-

ACXIOM, ACXIOM INFORMATION
SECURITY SERVICES, INC., and
TYCO HEALTHCARE GROUP, LP,

      Defendants.
---------------------------------------------------------------X

APPEARANCES:

  LEGAL ACTION CENTER
    225 Varick St
    New York, NY 10014
  By: Judith M Whiting

     -and-

  ENTWISTLE & CAPPUCCI LLP
    30 Columbia Turnpike
    Post Office Box 95
    Florham Park, NJ 07932-0941
    Attorneys for Plaintiff

  OGLETREE, DEAKINS, NASH, SMOADK & STEWART PC
    10 Madison Avenue
    Morristown, NJ 07960
  By: Mark Diana
    Attorney for Defendant Tyco Healthcare Group, LP


JOHN GLEESON, United States District Judge:

    Victor Guevares brought this action against defendants Acxiom and Acxiom

Information Security Services (referred to collectively as "Acxiom"), and against Tyco

Healthcare Group ("Tyco"). The complaint includes allegations that Acxiom unlawfully reported non-criminal conviction information about Guevares in an employment-related consumer report it prepared for Tyco, and that Tyco unlawfully denied him employment based upon the mistaken belief that Guevares had been convicted of a crime. Tyco now moves to dismiss the latter claim, the 16th cause of action in the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is denied.

A.  Background

According to the complaint, Guevares had an in-person interview for a position as a Customer Support Engineer at Tyco in May 2004. He had a second interview the following month, and completed an employment application at that time. One question on the employment application asked whether he had ever been "convicted of any crime which was not expunged or sealed by a court." Amended Complaint ("Compl.") ¶ 41. Guevares had been found guilty of three non-criminal disorderly conduct violations in the past, and the records of those proceedings had been sealed. Since disorderly conduct is a violation, not a crime, Guevares answered that he had never been convicted of a crime.

Guevares agreed at that time to allow Tyco to obtain a consumer report about him from Acxiom, a consumer reporting agency. Tyco informed Guevares that Acxiom would conduct a background investigation, including an investigation into his conviction history. Acxiom conducted its investigation into Guevares's criminal background, and its report to Tyco included the three disorderly conduct convictions.

In July 2004, Tyco's human resources manager told Guevares in a telephone conversation that the Acxiom report showed a history of "misdemeanor 'disorderly conduct'"

convictions, and that Tyco had elected not to hire him because of his dishonesty in the application. Guevares requested a copy of the report, but Tyco did not provide one. In November 2004, Guevares obtained a copy of his official New York State criminal record, which revealed the disorderly conduct convictions, but no criminal charges.

In December 2004, Guevares informed Tyco that he did not in fact have a criminal record, and asked Tyco to reconsider its decision not to hire him. In April 2005, Guevares again requested that Tyco reconsider its hiring decision in light of the fact that he did not have a criminal record. Tyco finally responded by letter in May 2005 with the same reasoning it reported to Guevares in July 2004, *i.e.*, his failure to disclose information requested in the application for employment had caused Tyco not to hire him. Tyco's letter also included the Acxiom consumer report. The report set forth the three disorderly conduct violations. It did not state that a violation is not a crime, or that Guevares's violations had been sealed.

Based upon the above events, Guevares filed suit against Acxiom and Tyco. He seeks compensatory, punitive, and statutory damages, a permanent injunction preventing future violations of the statutes at issue, and attorney's fees and costs. Of the 16 federal and state claims included in the complaint, Tyco seeks dismissal only of the 16th cause of action, brought against Tyco pursuant to New York State Human Rights Law ("NYSHRL") § 296(15).

I heard oral argument on Tyco's motion to dismiss on October 5, 2006.

B.  Discussion

   1.  The Standard of Review

A claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995). Courts generally do not consider matters outside the pleadings but may consider documents attached to, referenced in, or integral to the pleadings. *See Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir.2005) (citing *International Audiotext Network, Inc. v. AT & T Co.*, 62 F.3d 69, 72 (2d Cir.1995)).

    2.    <u>Guevares's Claim</u>

New York State Human Rights Law ("NYSHRL") §296(15) provides in relevant part as follows:

> It shall be an unlawful discriminatory practice for any person, agency, bureau, corporation or association . . . to deny any license or employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of a lack of "good moral character" which is based upon his or her having been convicted of one or more criminal offenses . . .

N.Y. Exec. Law §296(15).

Guevares's statement that Tyco denied him employment "based on his perceived record of criminal convictions," Compl. ¶ 180, states a claim under NYSHRL § 296(15). Tyco does not contend otherwise. Rather, it moves to dismiss on factual grounds, asserting that (a) Tyco denied Guevares employment because he appeared to have lied on his application; and (b) Guavares has admitted that fact in his complaint. The former assertion will await discovery and,

4

if appropriate, a trial; the latter is simply incorrect. The complaint's allegation that Tyco informed Guevares it denied him employment as a result of dishonest answers on his application (*see* Compl. ¶ 48, 57-58) obviously is not a concession that Tyco was being truthful. Guevares clearly alleges that Tyco's actual motivation was the one proscribed by § 296(15). At this stage, that is all he is required to do. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002).[1]

C. Conclusion

For the foregoing reasons, the defendant's motion to dismiss for failure to state a claim is denied.

So Ordered.

John Gleeson, U.S.D.J.

Dated: October 6, 2006
      Brooklyn, New York

---

[1] The principal cases cited by the defendant were not decided at the motion to dismiss stage. *See Obabueki v. International Business Machines Corp.*, 145 F. Supp. 2d 371 (S.D.N.Y. 2001) (summary judgment); *Kravit v. Delta Air Lines*, 1992 WL 390236 (E.D.N.Y. 1992) (summary judgment); *Stewart v. Civil Service Commission of the City of New York*, 446 N.Y.S.2d 948 (A.D. 1 Dept. 1982) (review of Article 78 proceeding regarding city agency decision).

5